No. 12,423.

STATE EX REL. WIDOW CHARLES MINOR ET ALS. VS. JUDGES OF THE COURT OF APPEALS.

49   303
52 1042

49   303
125   684

In a suit to annul a tax sale, the amount which the plaintiff has to pay, under Art. 210 of the Constitution, before obtaining the nullity of the sale, and the possession of the property, is a part of the judgment, and a necessary sequence of it, and not a reconventional demand. The judgment is an entirety, and the plaintiff having obtained a judgment annulling the sale, and to be placed in possession of the property, if he feels aggrieved at that part of the judgment relating to the amount to be refunded to defendant, he has a right to appeal from the whole judgment. If the value of the property in contest is sufficient to give jurisdiction, he has the right to go to that court having jurisdiction of the amount.

ON APPLICATION for Writs of *Certiorari* and *Mandamus.*

*Theo. Cotonio* for Relators.

Respondents in proper person.

———

Submitted on briefs February 6, 1897.
Opinion handed down February 15, 1897.

———

ON APPLICATION FOR WRITS OF CERTIORARI AND MANDAMUS.

The opinion of the court was delivered by

McENERY, J. The relator sued for an undivided interest valued at three hundred dollars in certain property. The tax sale was attacked, and the defendant prayed in case judgment was rendered against him to be reimbursed the amount of the price of the adjudication of said property, and the amount of taxes which he had paid on same since the adjudication to him. The price of adjudication and taxes amounted to ninety-three 90-100 dollars. There was judgment for the plaintiff, annulling the tax sale, and for the defendant's retention of the property until the above amount should be paid. The plaintiffs believing they were not bound for so much, but only for one-half of said amount, appealed to the respondent court. The appeal was dismissed, because it was from a reconventional demand, less than the lower limits of the jurisdiction of said respondent court. The relator now seeks the supervisory jurisdiction of this court to have said order of dismissal set aside, and the case reinstated on the docket.

There was error in treating the demand of defendant for reimbursement, and to remain in possession of the property until the amount should be paid as an independent and reconventional demand. No personal judgment could have been rendered against the plaintiffs for said amount. It was accessory to the suit and necessarily accompanied the judgment to be rendered in the case.

Article 210 of the Constitution says: " No sale of property for taxes shall be annulled for any informality in the proceedings until the price paid, with ten per cent. interest, be tendered to the purchaser." We have held that this amount need not be tendered before the filing of the suit, but may await the judgment. No tax sale can be annulled until the amount ascertained to be due is paid. The decree ought to and usually does recite that the defendant retain possession until the amount is paid, whereupon the judgment

annulling the tax sale becomes absolute.    As stated this decree ordering the retaining of possession by the defendant is only a necessary sequence of the judgment, and not an independent demand.

The judgment was an entirety and incorporated as a part of it the decree for reimbursement and retention.    It could not have omitted this.    The appeal, therefore, as to the amount in dispute is the value of the property, for the possession of which suit was instituted, with the added reimbursement claimed by defendant.

The rule herein granted is made absolute and the relief prayed for granted.