Statement of the Case.
NICHOLLS, J.
The plaintiff alleged that on the 15th of May, 1909, he became the adjudicatee, at the sale of the sheriff and ex officio tax collector of said parish, of six specifically described properties, aggregating as to price $78.56; that the properties were worth over $2,000; that the sheriff and ex officio tax collector refuses to execute a deed for said properties, though he offered to pay the aforesaid prices and his legal fee for the deed and recording the same; that the said tax collector should be ordered to show cause why he should not execute the proper deed of Conveyance to him. He prayed that, after hearing, said officer be ordered to execute in *683 his favor, as is his duty, said deed, and for all orders necessary in the premises. On the 21st of May the court ordered the tax collector to show cause on the 26th of May why the prayer of the petition should not be granted.
Defendant, after excepting that the averments in the petition disclosed no right in the plaintiff! to proceed by rule or summary proceeding, answered, setting up numerous grounds for denying the relief asked. The exception and answer were tried together.
The court rendered judgment sustaining the exception, and ordered the rule to be discharged, reserving to plaintiff the right to bring the proper action to enforce the demand. Defendant has appealed.
Plaintiff has moved to- dismiss the appeal, on the ground that this court'is without jurisdiction ratione materise.
On Motion to Dismiss.
Appellee urges that the only matter in dispute or controversy between the parties is the difference between the cost of executing and recording one act and six acts.
But, if appellant’s position be that the prices for which the property was adjudicated to him at tax sale gives the jurisdiction, there is no jurisdiction, as the aggregate price as stated in the petition is $78.56.
That it is true that the petition states that the six tracts are worth more than $2,000; but to this he answers:
First. The title to the property is not in dispute ; that, before appellee complied with his bid, he asked and received from the tax collector time within which to. satisfy himself that the title was good; and that it was only after he became assured upon that point that he offered to comply by tendering the amount and accepting the deed.
Second. The form of the action indicates that title to immovable property cannot possibly be in contest, for this is a proceeding by rule — citing Cross on Pleading, 449; Succession of McKinney, 5 La. Ann. 748.
Appellant denies that the matter involved in this suit is only $15 of costs., He maintains that the question of costs, while at issue, is only so incidentally; that the injury complained of is the refusal of the sheriff to pass title of property adjudicated, which is the basis of his ownership and right of possession-citing State ex rel. Nores v. Judges, 42 La. Ann. 589, 7 South. 632, and State ex rel. Minor v. Court of Appeals, 49 La. Ann. 303, 21 South. 516; that this suit is to obtain the evidence of the title, and in that is Involved also the right of ownership and possession; the reason which the sheriff advances for refusing to pass title is only an incident to the main issue, as was the failure to tender the price in the case-cited; that the consequence of the judgment would be to recognize plaintiff’s right to the property, and, a fortiori, to its possession and ownership; that the facts upon which the right is based are only incidents, and are not, and do not form, independent issues — citing State ex rel. Nores v. Court of Appeal, 42 La. Ann. 589, 7 South. 632.
The plaintiff testified on the trial that the property adjudicated to him was worth over $2,000. He further testified that the sole point of contention between the sheriff’s office and himself was about the charges and how many acts of sale were required. Appellee did not complain that the tax collector had refused to give him a. deed for each, or any one, of the six pieces of property which he alleged he had* bought at the tax sale. Had the sheriff refused to do this, he might, perhaps, have argued that by reason of this refusal he had been deprived of establishing his rights of ownership and possession of property of great value. He does not allege that the defendant had refused to give him proper and sufficient evidence of each and every purchase made, nor that the fees and *685 costs asked for any one deed was other than that allowed by law. He maintains simply that the sheriff had refused to place in one deed the evidence of purchase of six pieces of property for the same amount as for the evidence of one of the purchases. In other words, it is the charge for the evidence, and not the failure to furnish the evidence, which is the ground of complaint. As the plaintiff testified to, that was the sole contention between the sheriff’s office and himself.
We are of the opinion that we have no jurisdiction of this case.
The appeal is therefore dismissed.